UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO.: 2:18-CR-219-FtM-38NPM

JO'SHWAN HAMILTON

---

**ORDER**[1]

Before the Court is pro se Defendant Jo'Shwan Hamilton's letter motion (Doc. 98) and the Government's response in opposition (Doc. 100). Defendant asks the Court to correct the Bureau of Prison's calculated release date for him because he "should have received more credit for [his] time in federal custody." (Doc. 98 at 1). According to Defendant, he received no credit for when he was in federal custody between January 8, 2019 and September 18, 2019. He also wants credit for the three months he returned to state court to fight his charges. In total, he seeks about eleven months of jail credit.

Under 18 U.S.C. § 3585(b), "[a] defendant shall be given credit" for time served in official detention "that has not been credited against another sentence." But the Supreme Court has held that "§ 3585(b) does not authorize a district court to compute the credit at sentencing." *United States v. Wilson*, 503 U.S. 329, 334 (1992). Instead, the Attorney General, acting through the BOP, is responsible for initially calculating credit for time served. *See id.* at 334-35; *see also United States v. Alexander*, 609 F.3d 1250, 1259-60 (11th Cir. 2010).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

The Eleventh Circuit has clarified that "prisoners may seek judicial review of the [time-served] calculation only after exhausting administrative remedies." *Alexander*, 609 F.3d at 1259-60. "That is, to seek jail credit, a prisoner must first use the BOP's formal process for filing a complaint." *United States v. Coates*, 775 F. App'x 669, 671 (11th Cir. 2019) (citation omitted). Only after the BOP decides a jail credit request may a prisoner turn to the courts to review that that administrative action. *See id.* At bottom, "[t]he federal courts lack jurisdiction over requests for custody-credit that were not first asserted before the BOP." *Id.* (citation omitted).

Nothing in the record here indicates Defendant has exhausted his administrative remedies before filing his motion. The Court thus lacks authority to consider it. Defendant's motion is thus denied without prejudice so he may pursue any administrative remedies available to him.

Accordingly, it is now

**ORDERED:**

Defendant Jo'Shwan Hamilton's letter motion (Doc. 98) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 25th day of August 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record